902 F.2d 1568
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ida COLEMAN, (widow of Moses Coleman), Plaintiff-Appellee,
v.
EASTERN COAL CO., Defendant-Appellant.
 No. 89-3752.
 United States Court of Appeals, Sixth Circuit.
 May 21, 1990.
 
 Before MERRITT, Chief Judge, and KRUPANSKY and MILBURN, Circuit Judges.
 
 
 1
 Plaintiff, widow of a coal miner, appeals the decision of the Benefits Review Board (BRB) denying black lung disability benefits to her on behalf of her deceased husband. The issue presented on appeal is whether the BRB erred in upholding the administrative law judge's (ALJ's) finding that the presumption of total disability due to coal miner's pneumoconiosis had been rebutted. We hold that no error occurred and, therefore, we affirm the decision of the BRB.
 
 I. Procedural Disposition
 
 2
 Plaintiff, Ida Coleman, made application for black lung disability benefits. In the original hearing before an ALJ, the ALJ found that the interim presumption of total disability had been invoked, and that the employer had failed to rebut the presumption. Thus, the ALJ awarded black lung disability benefits to Plaintiff. The BRB, however, reversed and remanded the case. A second, ALJ also found the invocation of the interim presumption under 20 CFR Sec. 727.203(a), but held that the presumption had been rebutted because Moses Coleman was not totally disabled at the time of his death.
 
 
 3
 The BRB affirmed this second decision of the ALJ in July 1989. It is from this decision that Plaintiff appeals.
 
 II. Argument
 
 4
 Plaintiff raises only one main argument in her short brief. As a preliminary matter, she notes that the ALJ correctly found that the interim presumption of total disability had been invoked pursuant to 20 C.F.R. Sec. 727.203(a). Plaintiff asserts, however, that the ALJ improperly relied on Coleman's coal mine employment near the time of his death to rebut the presumption of disability. The thrust of Plaintiff's argument is that the ALJ ignored important lay testimony as evidence of her husband's disability. Additionally, she cites 20 C.F.R. Sec. 727.205, for the proposition that coal mine employment at the time of death is not conclusive on the issue of total disability. Rather, the ALJ is required to make specific findings that, at the time of death, no changed circumstances existed to indicate a reduced ability to do usual mine work. Hillibush v. United States Dep't. of Labor, 853 F.2d 197 (3d Cir.1988).
 
 
 5
 Plaintiff points to specific lay testimony as support for her contention that Coleman was not able to perform his usual mine work. Additionally, Plaintiff asserts that there is no direct medical evidence going to the question of disability. Because Dr. Swoyer's opinion is based on only a limited number of lung tissue samples, Plaintiff alleges that his test results are not representative of the whole lung. Thus, Plaintiff concludes that his findings fail to establish the severity of pneumoconiosis-related respiratory disease. In short, Plaintiff argues that when lay testimony of disability is more credible than the opposing medical evidence, benefits should be granted. See generally Smith v. Director, OWCP, 843 F.2d 1053 (7th Cir.1988). In addition, "[A]bsent definitive medical conclusions, there is a clear need to resolve doubts in favor of the disabled miner or his survivor." Collins v. Old Ben Coal Co., 861 F.2d 481, 489-90 (7th Cir.1988).
 
 
 6
 Contrary to Plaintiff's allegations, the ALJ did consider lay testimony in reaching a decision as to Coleman's "disability." Although the lay testimony considered was primarily relevant to Coleman's employment record, this consideration was proper given that the issue under the Black Lung Benefits Act is whether the miner is totally disabled by pneumoconiosis from performing his usual coal mine employment. See Anderson v. Bowen, 868 F.2d 921, 924 (7th Cir.1989) ("[w]ritten evaluation of every piece of testimony and submitted evidence is not required...." What must be considered is the "important evidence.") Contrary to what Plaintiff would have us believe, the sum of the lay testimony presented in this case was not consistent on the issue of disability--several lay persons testified that the deceased was able to perform his usual work.
 
 
 7
 The uncontroverted medical evidence established that Coleman died as a result of heart disease, unrelated to any pneumoconiosis. Additionally, the mild anthracosis, which was visible on the autopsy slides, was not deemed by a doctor to be "disabling." And, despite contrary lay testimony by Plaintiff, and other relatives and friends, co-workers testified that the deceased continued to work at his usual coal mine employment until the time of his death. After considering the evidence of record, we conclude that the decision of the ALJ is supported by substantial evidence in the record as a whole.
 
 
 8
 Accordingly, the decision of the BRB, upholding the denial of benefits by the ALJ, is affirmed.